UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:16-cr-00147-10 |
| BRENDA MCGINNIS, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Brenda McGinnis moves for compassionate release based on the increased risk of COVID-19 related illness presented by her obesity and hypertension. (Doc. Nos. 472 at 8; 506; 509.) The Government opposes her Motion, (Doc. No. 483), and asserts that she should serve the remainder of her 150-month sentence imposed after pleading guilty to conspiracy to distribute and possess with intent to distribute methamphetamine. (Doc. No. 395.) She has exhausted available administrative remedies. (Doc. No. 472-2.) For the following reasons, her Motion will be denied.

The Court may grant compassionate release based on "extraordinary and compelling reasons," including where the defendant is suffering a "serious physical or medical condition" that substantially diminishes her ability to provide self-care in prison. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 n.1(A)(ii). This may include a condition that increases her risk of COVID-19 and is poorly controlled. United States v. DeMille, ___ F. Supp. 3d ___, 2020 WL 2992190, at *4 (D. Or. June 4, 2020).

It is true that obesity places Ms. McGinnis at risk of severe complications should she contract COVID-19, and essential hypertension "might" increase her risk, according to the Centers for Disease Control and Prevention ("CDC"). CDC, People with Certain Medical Conditions,

(updated Nov. 2, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. However, at present there is no medical basis of any ill-effects from her weight, and her blood pressure continues to be in a healthy range even without medication. (Doc. No. 472 at 33.) At bottom, Ms. McGinnis is obese and has hypertension, but those diagnoses alone do not suffice for compassionate release because "hypertension and obesity, in combination with COVID-19, do not constitute extraordinary and compelling reasons for compassionate release." United States v. McKinnie, No. 1:16CR304, 2020 WL 5087058, at *2 (N.D. Ohio Aug. 27, 2020); United States v. Wilfred, 2020 WL 4365531, *4–5 (E.D. La. July 30, 2020) ("courts have found that obesity—alone or paired with hypertension—does not provide adequate grounds for compassionate release"). Ms. McGinnis' obesity and hypertension, based upon the medical records before the Court, do not reach the level of a serious physical or medical condition.

Her other medical conditions also do not present a basis for compassionate release. She has been diagnosed with migraines and takes Propranolol that is helping. (Doc. No. 485 at 11.) She also has sleep apnea, (id. at 40), and Bureau of Prisons ("BOP") doctors are monitoring a benign mass found on a recent routine mammogram that will be followed up on in six months, (id. at 1, 7). Her knee pain is managed by pain medicine, (id. at 6), and this orthopedic issue has no impact on her other health concerns or her risk of COVID-19. United States v. Binday, No. 12 CR 152 (CM), 2020 WL 4017822, at *5 (S.D.N.Y. July 16, 2020) (finding that various orthopedic issues that were monitored and treated in prison were not serious physical or medical conditions). The BOP is proactively monitoring her mammograms and the benign mass. Additionally, the BOP is treating her migraines with medicine, their severity is decreasing (Doc. No. 485 at 3), and migraines do not expose her to any increased threat of illness should she contract COVID-19.

Binday, 2020 WL 4017822, at *6 (finding that migraines treated by the BOP was not a basis for compassionate release). Finally, the CDC has not identified sleep apnea as presenting an increased risk of COVID-19, nor has Ms. McGinnis shown that it impacts her overall health. United States v. Schlifstein, No. 18-CR-217 (KMW), 2020 WL 2575633, at *2 (S.D.N.Y. May 21, 2020) (denying compassionate release to 51-year-old with sleep apnea and hypertension). None of these conditions substantially diminish her ability to provide self-care and are not "serious physical or medical conditions."

Ms. McGinnis also argues that the open living arrangement and difficulty social distancing at FCI Victorville Medium II makes it more likely that she will be exposed to COVID-19. (Doc. Nos. 474 at 9–10; 509 at 2–3.) As of November 5, 2020, four inmates and four staff members are reported positive for COVID-19 at this facility. Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Nov. 5, 2020). Thus, the BOP appears to be controlling the virus from entering and spreading in this facility with over 1,000 inmates. In any event, the risk of contracting COVID-19 at her facility alone is not a sufficient basis for compassionate release. See United States v. Brown, No. CR SAG-10-0344, 2020 WL 3833284, at *3 (D. Md. July 8, 2020) ("The fact that COVID-19 is present in a correctional facility is not alone sufficient to qualify an inmate for compassionate release").

Accordingly, Ms. McGinnis' Motions for compassionate release (Doc. No. 472, 506 and 509) will be denied.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE