UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3: 16-cr-00147-10 |
| | ) | |
| BRENDA MCGINNIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In an Order entered November 5, 2020 (Doc No. 529), the Court denied Brenda McGinnis's Motions for Compassionate Release (Doc. Nos. 472, 506, 509). In an accompanying Memorandum Opinion, the Court wrote:

> It is true that obesity places Ms. McGinnis at risk of severe complications should she contract COVID-19, and essential hypertension "might" increase her risk, according to the Centers for Disease Control and Prevention ("CDC"). CDC, People with Certain Medical Conditions, (updated Nov. 2, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra precautions/people-with-medical-conditions.html. However, at present there is no medical basis of any ill-effects from her weight, and her blood pressure continues to be in a healthy range even without medication. (Doc. No. 472 at 33.) At bottom, Ms. McGinnis is obese and has hypertension, but those diagnoses alone do not suffice for compassionate release because "hypertension and obesity, in combination with COVID-19, do not constitute extraordinary and compelling reasons for compassionate release." United States v. McKinnie, No. 1:16CR304, 2020 WL 5087058, at *2 (N.D. Ohio Aug. 27, 2020); United States v. Wilfred, 2020 WL 4365531, *4–5 (E.D. La. July 30, 2020) ("courts have found that obesity—alone or paired with hypertension—does not provide adequate grounds for compassionate release"). Ms. McGinnis' obesity and hypertension, based upon the medical records before the Court, do not reach the level of a serious physical or medical condition.

(Doc. No. 530 at 1-2).

On August 27, 2021, Ms. McGinnis sent a letter the Clerk, which the Court construed as a motion for reconsideration. (Doc. Nos. 561, 53). The Court then appointed counsel, who

subsequently filed a "Renewed Motion for Compassionate Release and a Request for Reconsideration." (Doc. No. 572).

Ms. McGinnis argues that this Court erred as a matter of law in finding that her obesity and hypertension did not constitute extraordinary and compelling circumstances. She then spends four pages string-citing more that forty district court cases that she claims establish "**other courts, perhaps many more, have found that obesity—alone or paired with hypertension— does in fact provide adequate grounds for granting compassionate release.**" (Id. at 8) (emphasis in original). She also claims that "the medical literature supports the many courts which agree that obesity alone, hypertension alone, or the combination of the two are appropriate 'extraordinary and compelling reasons for compassionate release' when considered as risk factors for death and serious illness due to COVID-19." (Id. at 12-13).

For at least four reasons, the Court finds it unnecessary to read forty-plus cases and assorted medical literature, even if it had the time and was inclined to do so.

First, Ms. McGinnis's arguments are untimely, filed as they were more than 8-months after the Court's decision. If she thought the court erred, she had 14 days within which to file a notice of appeal. See Fed. R. App. P. 4(b)(1)(A).

Second, none of the cases cited by Ms.McGinnis is controlling. That some, many, or even most sister courts may view an issue differently does not make this Court's conclusion incorrect. This is particularly true in these circumstances because "[a] district court has 'full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." United States v. Jones, 980 F.3d 1098, 1109 (6th Cir. 2020).

2

Third, the Court did not say that obesity alone, or in combination with other ailments, could never be extraordinary and compelling. Quite the contrary, the Court stated that *Ms. McGinnis's* obesity and *her* controlled hypertension did not amount to extraordinary and compelling circumstances "based upon the medical records before the Court[.]" (Doc. No. 530 at 2).

Fourth (and related to the last point), on several occasions in just the past few months, the Sixth Circuit has found that a district court did not abuse its discretion in finding that compelling and extraordinary circumstances did not exist, even though defendant was obese and had other medical illness. See, United States v. Biggs, 858 F. App'x 916, 917 (6th Cir. 2021) (affirming conclusion that "obesity alone" doesn't rise to level of extraordinary and compelling circumstances); United States v. MacLloyd, No. 21-1373, 2021 WL 5263594, at *2 (6th Cir. Sept. 20, 2021) (same); United States v. Westmoreland, 858 F. App'x 181, 182 (6th Cir. 2021) (affirming finding that "age, obesity, and medically managed hypertension" did not "rise to the level of extraordinary or compelling reasons for relief"). It has even done so where the Government conceded that defendant's obesity and other health conditions constituted such circumstances. See United States v. Sherrod, No. 21-1281, 2021 WL 3912543, at *4 (6th Cir. Sept. 1, 2021).

Regardless, since this Court was last presented with Ms. McGinnis's requests for compassionate release, she has been fully vaccinated by receiving the first dose of the Pfizer vaccine on April 20, 2021, and the second dose on May 13, 2021. (Doc. No. 376 at 1, 2). "[F]ollowing full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced." United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021). Consequently, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an

3

Case 3:16-cr-00147   Document 593   Filed 01/03/22   Page 3 of 5 PageID #: 4066

'extraordinary and compelling reason' warranting a sentence reduction." Id. (citing United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021)). This holding was recently applied by that court to an inmate who had an organ transplant; had diabetes, sleep apnea, and asthma; and – like Ms. McGinnis – was obese. United States v. Traylor, 16 F.4th 485, 486 (6th Cir. 2021).

Ms. McGinnis has not shown extraordinary and compelling circumstances to support her motion, and the Court could simply end the inquiry at this point. See, Id. ("[B]ecause the district court determined that there was no extraordinary and compelling reason to grant [defendant's] motion, it also did not abuse its discretion by denying the motion without addressing whether the 18 U.S.C. § 3553(a) factors support a sentence reduction."). Nevertheless, the Court finds that the relevant Section 3553(a) factors do not warrant her release either.

As Ms. McGinnis points out in her filings, prior to the instant offense, she had little in the way of a criminal history. Further, she apparently has served her time in prison well by committing no disciplinary infractions, and by using the time to take classes to better herself. This is laudable. However, the Court rejects her argument that "[t]he nature and circumstances of the offense may weigh slightly against compassionate release, but should be limited by the remaining factors." (Doc No. 572 at 20). To the contrary, those factors weigh heavily against her release.

Ms. McGinnis was sentenced to 150-months for her role in a wide-ranging drug conspiracy. As this Court explained at her sentencing, she and her co-defendant husband were essentially the "chief operating officers" of "a 17-month conspiracy to supply methamphetamine throughout the Middle District of Tennessee." (Doc. No. 396-1 Sent. Hrg. at 2). Indeed, her "particular role was critical to the operation of the conspiracy," and she was "responsible for 4.5 kilograms of methamphetamine," which "is a serious amount of drugs." (Id. at 2-3). Further, when officers raided

4

the McGinnis's residence, they recovered approximately five pounds of methamphetamine, drug paraphernalia, packaging materials, $63,000 in cash, and a firearm. (Presentence Report ¶ 8).

To date, Ms. McGinnis has served less than one-third of her 12½ year sentence. Allowing her release after approximately four years would depreciate the seriousness of her offense and would not serve as a deterrent to her or others that might think about getting into the methamphetamine drug trade.

Accordingly, and for all of the foregoing reasons, Ms. McGinnis's Motions for Compassionate Release and/or to Reconsider (Doc. Nos. 571, 572) are **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE